# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| PATRICIA THOMPSON, <br><br> Plaintiff, <br><br> v <br><br> MEDICREDIT, INC., <br><br> Defendant. | Case No.: CIV-17-96-F <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

PATRICIA THOMPSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

PLAINTIFF'S COMPLAINT

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Oklahoma City, Oklahoma 73135.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. 1692 a(6), and sought to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of

creditors using the U.S. Mail, telephone and/or internet.

11. Defendant is in the business of collecting medical debt and on information and belief was attempting to collect a debt for medical treatment incurred for personal, family, or household purposes.

12. By way of background, beginning in or around August or September 2015, Defendant began placing calls to Plaintiff's cellular telephone in its attempts to contact her daughter, Brishaun Guyton, regarding an alleged debt.

13. Plaintiff's daughter does not reside with her.

14. Plaintiff first told Defendant to stop calling her regarding her daughter's alleged debt soon after the calls began.

15. However, Defendant ignored this request and continued to call her.

16. Once Defendant was aware that its calls were unwanted there was no purpose in continuing to call Plaintiff, other than to harass her.

17. Thereafter, between January 2016 and continuing through November 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone, often multiple times per day, seeking to collect this alleged debt.

18. Defendant placed these calls from the numbers, including: (800) 888-2238. The undersigned has confirmed that this phone number belongs to the Defendant.

19. Plaintiff repeated her request for calls to cease on several occasions.

20. However, Defendant indicated that it would continue calling her number as it was the number it had on file.

21. It was annoying and frustrating for Plaintiff to be called on her cellular telephone with such frequency, so Plaintiff took necessary measures to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §1692 d and d(5) OF THE FDCPA

22. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff for a debt that was not hers and continuing to call despite her request that calls cease.

- 4 -

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, PATRICIA THOMPSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    Any other relief deemed appropriate by this Honorable Court.

    e.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA THOMPSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: January 31, 2017

By: */s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
PA Attorney ID No. 314813
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 105
Fax: (877) 788-2864
Email: jhoeffel@creditlaw.com